MATTER OF D—W—M—

In VISA PETITION Proceedings

A-7134526

*Decided by Board April 4, 1962*

Adopted child—Custody and residence with one adoptive parent—Effect of divorce.

Where the custody and residence requirements of section 101(b)(1)(E) of 1952 Act are satisfied primarily by residence with adoptive mother, the divorce of adoptive parents is not disqualifying in view of evidence that beneficiary (with adoptive mother) has continued to reside with petitioner's family in Korea, has continued to be regarded as his adopted son, has been supported by petitioner, and divorced wife has signified her consent and approval for beneficiary to join his adoptive father in the United States.

### BEFORE THE BOARD

**DISCUSSION:** The case comes forward pursuant to certification of the order of the District Director, San Antonio District, dated February 9, 1962, approving the visa petition for nonquota status on behalf of the beneficiary.

The petitioner, a native of Korea, a naturalized citizen of the United States, 58 years old, male, seeks nonquota status on behalf of the beneficiary, a native and citizen of Korea, born on January 19, 1943, as the adopted child of the petitioner.

As evidence of the adoption there has been submitted a copy of the family register and a copy of an adoption paper indicating that the beneficiary's name was entered in the family register of the petitioner on August 1, 1949, as the adopted son of C—W— and is listed as the grandson of the head of the family, the petitioner's father, K—W—M—. In a sworn statement to an immigration officer on November 28, 1961, the petitioner identified the beneficiary as his adopted son. He explained that in Korea there is a custom that the elder son becomes the head of the family when the father dies; that when the elder son is married but no male child is born, then the second oldest child gives his first-born male child to the older son in order that the head of the family may be retained in proper order; that he was married but had no children and that C—I—M—, his brother and the natural father of the beneficiary, gave his child to

633

the petitioner and his wife in 1945 and the child has resided with them since 1945. He was placed in the family register as his adopted son on August 1, 1949. He stated that the beneficiary resided with him and his wife in Korea from 1945 until November 1948 when he entered the United States, that the beneficiary resided with them for about four years including the summer of 1955 when the petitioner returned to Korea. Evidence has been presented that the petitioner divorced his first wife on November 30, 1956, by decree of the District Court, Tarrant County, Texas, but the divorce decree makes no mention of the adopted child. The petitioner states that the beneficiary is known as his son in Korea, that in addition to income from their family he has sent him money, exhibiting receipts. The adoptive mother, in a statement executed May 2, 1961, before a county magistrate in Korea certifies that she agrees and consents that the beneficiary should join his father in the United States; that the child was adopted by the petitioner and his wife when 5 years old and that they have lived together for 12 years. There has also been submitted a statement signed by one L—G—J—, otherwise unidentified, dated August 18, 1961, to the effect that the benficiary is the adopted son of the petitioner, and has resided with him from August 1945 to November 1948 and that the petitioner is the legal custodian of the beneficiary.

In order to be eligible for nonquota status the beneficiary must qualify as an adopted child under the immigration laws as provided in section 101(b)(1)(E) of the Immigration and Nationality Act, as amended. This section defines an adopted child as a child adopted while under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

In the instant case the beneficiary was given to the petitioner and his first wife in 1945. He appears not to have been formally adopted until his name was placed in the family register on August 1, 1949. Thereafter, he continued to reside with the adoptive mother except for the summer months of 1955 when he resided with both parents. Since the adoptive father's divorce in November 1956, petitioner has been staying with his family with whom his divorced wife also continues to reside. No question has been raised as to the legality of the adoption or of the relationship between the husband and wife or between either of them and the adopted son.

It is believed that the case falls within the principle enunciated in the holding of *Matter of Y—K—W—*, 9—176 (Atty. Gen., Feb. 28, 1961), in which it was held that the two-year legal custody and residence requirement imposed upon an adopted child under the definition of adopted child as set forth in section 101(b)(1)(E) of the Immigration and Nationality Act, as amended by section 2 of the

Act of September 11, 1957, is satisfied when custody and residence have been with only one of the adoptive parents rather than both. In so holding, and reversing a prior ruling to the contrary, the Attorney General recognized the remedial purpose of preserving rather than interrupting *bona fide* family relationships as exemplified in the legislative history seeking to prevent a separation of *bona fide* family units, and pointed out that safeguards against abuses might better be established by looking at the surrounding circumstances of the adoption and making a determination on the facts that, assuming the statutory qualification is met, the legislative purpose would be served in a particular case.[1]

There is no doubt that had there not been any divorce the beneficiary would qualify as an adopted child under the holding in *Matter of Y—K—W—, supra.* It is not believed that the divorce of the adoptive parents on November 30, 1956, requires any different result in view of the evidence establishing the continuance of the *bona fide* family relationship of adoptive father and adopted child, as evidenced by the fact that the beneficiary has continued to reside with the petitioner's family in Korea, has continued to be regarded as his adopted son, has been supported by the petitioner and there is no objection from the divorced wife who has signified her consent and approval that the beneficiary join his father in this country.

ORDER: It is ordered that the order of the District Director dated February 9, 1962, approving nonquota status on behalf of the beneficiary as the adopted child of the petitioner be and the same is hereby affirmed.

---

[1] The residence requirement of section 101(b)(1)(E), as amended, does not exclude computation of residence occurring prior to the formal adoption decree. *Matter of M—, 8—118.*